954 So.2d 272 (2007)
Twilynn LINDSEY, On Behalf of the Minor, Garren LINDSEY, Plaintiff-Appellant
v.
The CADDO PARISH SCHOOL BOARD, John Webb, and Verdis Pruitt, Defendants-Appellees.
No. 41,854-CA.
Court of Appeal of Louisiana, Second Circuit.
March 14, 2007.
Rehearing Denied April 12, 2007.
*273 The Pesnell Law Firm, by William Alan Pesnell, Billy R. Pesnell, J. Whitney Pesnell, Shreveport, for Appellant.
Lemle & Kelleher, L.L.P., by Dale G. Cox, Shreveport, for Appellee.
Before WILLIAMS, DREW and LOLLEY, JJ.
DREW, J.
Twilynn Lindsey, on behalf of her minor son, Garren Lindsey, appeals a trial court judgment denying all relief for an alleged improper search of her son at school. Finding this a frivolous appeal, we affirm in all respects, assessing all court costs and additional legal fees against plaintiff.

FACTS
Stephanie Holland and Amber Dove, two Southwood High School students, were tutoring Garren Lindsey, 15 years of age at the time, in the counseling complex on campus. The girls left the complex to run errands for Mrs. St. Angelo, a school employee, leaving Garren alone at the table where the three students had been seated. Stephanie left her purse and wallet at the table.
When Stephanie returned, she discovered that $50 was missing from her purse. She reported this to Mrs. St. Angelo, who contacted:
 the school resource officer ("S.R.O."), Caddo Sheriff's Office Deputy Michael McDaniel; and
 Southwood High School's Security coordinator, John Webb, an employee of the Caddo Parish School Board.
Stephanie advised the authorities that Garren was a possible suspect, since the money went missing in the short time frame when she was out of the room.
McDaniel and Webb were unable to find the missing money during their searches of:
 the room, including Mrs. St. Angelo's desk and trash cans;
 Stephanie's purse;
 Amber's purse; and
 the pockets, shoes, socks, and back packs of all three teenagers.
At McDaniel's suggestion, Webb took Garren into the boys' bathroom and asked the young man to fold down his waist *274 band, to which request Garren immediately complied, without objection. No currency was found. Webb never touched Garren's body during the search. Garren's mother filed this suit on his behalf, complaining that her son had been embarrassed and humiliated because of this alleged unreasonable search and seizure, which was conducted without a warrant.
The learned trial court denied any relief to Mrs. Lindsey, terming this a frivolous lawsuit, expressing doubts as to Garren's credibility. There is no way for this opinion to be written more succinctly than the trial court's excellent oral ruling at the conclusion of the trial.

LAW
The people are protected from unreasonable searches and seizures. U.S. Const. amend. IV.
In Louisiana, the people are further guaranteed the right of privacy. La. Const. art I., Sec. 5. The subtle distinction has seldom made a difference in the disposition of search and seizure cases in recent years. See, for example, State v. Jackson, XXXX-XXXX (La.7/6/00), 764 So.2d 64; State v. Kelley, XXXX-XXXX (La.7/10/06), 934 So.2d 51; and State v. Sherman, XXXX-XXXX (La.4/4/06), 931 So.2d 286. Compare, State v. Tucker, 626 So.2d 707 (La.1993).
The Fourth Amendment applies to searches conducted by school authorities. New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985).
Public high school students have a lesser expectation of privacy than the general public. However, students do not shed their constitutional rights at the schoolhouse door. Joy v. Penn-Harris-Madison School Corp., 212 F.3d 1052 (7th Cir.2000).
Students in schools have a lesser expectation of privacy than members of the population in general. Milligan v. City of Slidell, 226 F.3d 652 (5th Cir.2000).
The reasonableness of seizures must be determined in light of all of the circumstances, with particular attention being paid to whether the seizure was justified at its inception and reasonable in scope. Hassan v. Lubbock Independent School District, 55 F.3d 1075 (5th Cir. 1995).
A warrant is not necessarily required before searching a student, and the burden for a reasonable search in a school setting is not probable cause, but the much lesser burden of reasonable suspicion. See Vernonia School District 47J v. Acton, 515 U.S. 646, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995).
What this case boils down to is the credibility call of the trial court, and the ultimate question as to whether the actions taken were reasonable. We find nothing in this record to dispute the learned trial court's finding, and we wholeheartedly agree that the actions of the officers here were eminently reasonable.
Normally, to search a citizen for evidence would require that the officer has probable cause to believe the person possesses the evidence or contraband.
In a school setting, considering the lesser expectation of privacy, this action only requires a far lesser burden, reasonable suspicion, that the person possesses evidence or contraband.[1]
*275 The search must be reasonable at its inception, and reasonably carried out. Here, the search was proper in all respects. The brief searches conducted were effective, but only as intrusive as required by the circumstances.
Law officers are charged to choose a reasonable approach to, if possible, rule out alleged criminality and end the interaction. That is what the authorities did here.
Plaintiff complains that a search warrant should have been secured. Had the authorities chosen that course, then it is likely that the plaintiff would complain that the search process took hours to conclude, lasting into the late afternoon on a school day. Likewise, had the officer not removed Garren to the boys' bathroom for the search, there likely would have been complaints about having his waistband searched in front of the ladies who were present.

FINDING
The gentlemen in question handled the situation appropriately, reasonably, and legally. They quickly defused the situation, showing discretion and tact in their dealings with all four persons involved.
Taking Garren into the boys' bathroom for the peek within his waistband showed a sensitivity to his feelings, causing much less embarrassment than if the waistband check had been done in the presence of the three females.
This incident occurred late in the day. It would have been much more onerous an intrusion had the officers held Garren at school or in another confined place while they sought a search warrant, which would have extended the investigation unnecessarily. Instead, the officers concluded the entire matter in a matter of minutes.
We find the handling of this unpleasant situation to have been conducted reasonably, and thus, lawfully. We affirm the trial court, in all respects, and find that this was a frivolous appeal. Accordingly, we assess $750 against plaintiff for legal fees incurred in the defense of this appeal, in favor of counsel for the Caddo Parish School Board.

IMPEACHMENT
Ms. Lindsey complains that the trial court erred in refusing to allow her lawyer to utilize a withdrawn and replaced brief of counsel to cross-examine Deputy McDaniel. There is simply no authority for this type of impeachment. The trial court was correct to disallow usage of this creative, but illegal tactic.

DECREE
The trial court's ruling is affirmed in all respects. We also award $750 against plaintiff for legal fees incurred in the defense of this patently frivolous appeal, in favor of counsel for the Caddo Parish School Board.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, PEATROSS, DREW and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] The writer feels that reasonable suspicion amounts to something like a 25% probability, while probable cause amounts to a 50%+ probability. Amazingly, there is jurisprudence that takes the stunning position that the standard of probable cause, required as a threshold for many criminal enforcement actions, can amount to less than a 50% probability. To the writer, who admittedly went to public schools, it is probable that the word "probable" means that something is probable, which seems to indicate that something must be more likely than not. No judge in this state would sign an arrest warrant without being convinced that it is more likely than not that the defendant did the deed. Not gonna happen.